JACKSON, *ex dem.* MURRAY AND OTHERS, *against* DENN.

In ejectment a prior possession, short of 20 years, under a claim of right, will prevail over a subsequent possession, short of 20 years, if the first be not relinquished.

EJECTMENT for part of lot No. 93, in the township of Junius, tried at the Seneca circuit, March 6th, 1824, before THROOP, C. Judge.

On the trial, the plaintiff proved by H. W. Dobbin, that he, the witness, was in possession of the premises in question from 1805 to 1808, claiming possession of the whole of lot 93. He then gave in evidence a conveyance in fee, by deed poll, of lot 93, from Dobbin to the lessors of the plaintiff, for the consideration of $50. That Dobbin continued his possession about four years after, when he was succeeded by another tenant under the lessors of the plaintiff; and this last was succeeded by a series of tenants down to one Quivy, who was in possession under a lease in the summer of 1821, or 1822. After this, the premises were left vacant, there being no house upon them; and the de-

fendant entered into possession in December, 1822, and built a log house, where he resided in April, 1823.

A witness testified that Quivy took under a lease in writing from the lessors of the plaintiff, which the witness had in Court; and the defendant objected that this lease should be produced; but the objection was overruled. Other facts are mentioned in the opinion of the Court.

The defendant moved for a nonsuit, on the ground that neither the lessors, nor any one under them, were in the actual occupancy of the premises when the defendant took possession, nor indeed from the summer of 1822; and the Judge directed a nonsuit accordingly.

A motion was now made to set aside the nonsuit; and for a new trial.

*J. A. Collier*, for the plaintiff, cited 2 John. Rep. 22; 4 id. 202; 10 id. 338; 16 id. 325.

*H. V. R. Shermerhorn*, contra, cited 1 Greenleaf's ed. Laws N. Y. 55; 2 id. 281, 332; by which, he said, it would appear that the premises in question belonged to the people of the state, they lying in the military tract.

*Curia*, per SUTHERLAND, J. The nonsuit must be set aside. The lessors of the plaintiff showed a continued possession in themselves, and the one from whom they derived it, under a claim or assertion of right from 1805 to 1821, or 2. In December, 1822, the defendant entered, without pretending any right or title, the premises being then vacant. This action was brought in April, 1823. The reason of the premises being vacant is given by Thomas Mumford, a witness for the plaintiff; who testified that he was the agent of the lessors, with auhtority to lease, or sell the lot; that he had leased it, for several years, to different tenants; that he last leased it to one Quivy, who, after the expiration of his lease, held over, with the consent of the witness, who never knew that he had left the premises, until informed that the defendant had entered. This shows that the possession had never been abandoned by the lessors, without the *animus revertendi*.

ALBANY,
Oct. 1825.

Jackson
v.
Blodget.

In *Smith* v. *Lorillard*, (10 John. 338,) the rule is thus stated : " A prior possession, short of 20 years, under a claim, or assertion of right, will prevail over a subsequent possession, short of 20 years, where no other evidence appears on either side." It is, however, to be understood, that the prior possession of the plaintiff had not been voluntarily relinquished, without the *animus revertendi ;* and that the subsequent possession of the defendant was acquired by mere entry, without any lawful right. (16 John. 325. 2 id. 22. 3 id. 383. 4 id. 208.)

Motion granted.