THE REFORMED CHURCH OF GALLUPVILLE v. SHERMAN
SCHOOLCRAFT et al.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1871.)

In 1835, certain premises were conveyed to the H. D. R. Church of S., a reli-
gious corporation, by deed, reserving to E. G., one of the grantors, the
right to grant to a certain company the right in the premises conveyed,
" To build a basement story, on the premises, of a description therein
specified,   *   *   *   for the purpose of keeping a select and other
schools in only," and the basement was to be built under the edifice of
the H. D. R. Church ; at the time of the execution of the conveyance, E.
G. executed to trustees chosen for building the basement, the deed con-
templated by the reservation ; pursuant to these deeds the basement
and the church edifice over it were built.  The church building was
used by the church corporation until 1844, when a resolution of the
consistory was passed, authorizing that portion of the church and
society which had been organized under the name of The Reformed
Church of G. (the plaintiff, not then incorporated) to separate from the cor-
poration and become a distinct church and congregation, and resolving that
" the building or edifice called the G. church (being the church erected as
aforesaid) should thereafter belong to, and be the exclusive property of,
that part of the congregation."  Pursuant to this resolution, that part
of the congregation entered into possession of the church building, and
continued to use it down to the time of this action, having been
incorporated under the name of the plaintiff in 1869.  The basement was
at times occupied for schools, but at the time this action was commenced
was occupied by defendants, a division of the sons of temperance, who
had entered without claim of right or title, and refused to quit on
demand of plaintiff.

Held (MILLER, P. J., dissenting).  That an action of ejectment could not
be maintained by plaintiff for possession of the basement:

It could not claim to own the property under the resolution of the consis
tory, as that did not operate as a conveyance.

Plaintiff could not claim that it became vested with the title to the pro-
perty under a parol partition between itself and the H. D. R. Church
of S , inasmuch as it and such church were never owners as tenants
in common, and also as the church could not divest itself of its title,
except by order of court.

The plaintiff could not claim by adverse possession under color and
claim of title conferred by the resolution, inasmuch as it had never
occupied or claimed title to the basement, but only to the church build-
ing, it appearing also that at a time within twenty years, the consistory
had recognized a separate ownership of the basement by the trustees to
whom it was originally deeded.

The Reformed Church of Gallupville *v.* Schoolcraft.

Plaintiff could not recover from defendants, on the ground that the latter were in possession without claim of right or title, inasmuch as plaintiff had no such prior possession of the basement as would raise a presumption of ownership, and furthermore as it had itself shown the title to be in a third person, to wit, in the H. D. R. Church of S.

MOTION for new trial upon exceptions ordered to be heard in the first instance at General Term. The action was commenced in March, 1870. The facts appear in the opinion.

*Mayhem & Krum* for the plaintiff.

*N. C. Moak* for the defendant.

Present—MILLER, P. J., JAMES and PARKER, JJ.

PARKER, J. This is a motion for a new trial upon exceptions taken upon the trial and ordered to be heard in the first instance at the General Term.

The action was ejectment to recover a tenement, to wit, the basement story of a church in the town of Wright, in the county of Schoharie. Upon the trial the court directed a verdict for the plaintiff.

The building, consisting of the church occupied by the plaintiff, and the basement thereof in question, is situated at a place called Gallupville, formerly a part of the town of Schoharie ; and the people, now constituting the religious society called "The Reformed Church of Gallupville," were formerly part of a religious society known as the High Dutch Reformed Church of Schoharie, whose house of worship was and is at Schoharie court-house.

The said building, church and basement in question was erected by two several parties in the years 1835 and 1836 by voluntary contributions, the basement, under the direction of persons acting as trustees of a voluntary society for the use of a school, and the church over the basement by persons acting for those who contributed therefor, for the use of the High Dutch Reformed Church, of Schoharie, particularly such portion thereof as could attend church there more conveniently

than at Schoharie court-house; the same clergyman officiating in both places.

The title, under which those who erected this building, basement and church claimed and acted, is derived from Ezra Gallup and John Wheeler, the former owners of the lot on which it was built, through a deed dated April 15th, 1835, executed by them to the High Dutch Reformed Church of Schoharie, conveying the said grantee the premises (about half an acre) on which it stands, which deed contains the following reservation, reserving a right and privilege to Ezra Gallup, above named, to grant a right in the above named and described premises, by his indenture, to a certain company, on the following conditions: "To build a basement story on the premises of a description therein specified for the purpose of keeping a select and other schools in only. * * * The said basement to be built under the High Reformed Church to be built on said above named and described premises, within the term of three years, * * * and said church to be built on the walls of said basement story above mentioned; of which company John Wheeler, Robert Coats, and John P. Becker, were unanimously chosen trustees for building said basement story, &c.," and at the same time with the execution of said conveyance, the said Ezra Gallup executed to the said Wheeler, Coates and Becker, trustees, &c., the deed contemplated by said reservation. Pursuant to these deeds, the basement and the church edifice over the same were built.

The church was used as a house of worship by the High Dutch Reformed Church of Schoharie until 1844, when a portion of said church and society was authorized by the consistory thereof to form a separate church and society, which was formed, and has continued to use said church down to the present time, having been incorporated in April, 1869, just before the commencement of this suit, under the name of The Reformed Church of Gallupville. The basement was from time to time occupied for schools, but has recently come to be occupied by a division of the sons of temperance of

whom defendants are a part. The plaintiff having by its consistory resolved to dispossess them, and they having refused to quit, this suit was commenced.

Irrespective of any question under the reservation, it is difficult to see how the plaintiff has made out any right, in itself, to maintain this action.

The deed from Gallup and Wheeler conveyed the land to the High Dutch Reformed Church of Schoharie, a religious corporation then in existence, and which under the deed occupied the church until 1844; no conveyance of the land or any interest in it has ever been made by this corporate body. True, in 1844 a resolution of the consistory of that church was passed, authorizing that part of the church and society which has since been organized under the name of the Reformed Church of Gallupville, to separate from the parent or mother church, " and become a distinct church and congregation," and resolving that "the building or edifice called the Gallupville Church," which then belonged to the High Dutch Reformed Church of Schoharie, "shall hereafter belong to and be the exclusive property of that part of the congregation hereinafter designated as a separate and distinct congregation." It is under this action of the "mother church" that the plaintiff's counsel claim that the title to the lot conveyed by the deed has come to the plaintiff.

Manifestly this action of the church of Schoharie did not and could not operate as a deed to convey the lot or the church in question, and I do not understand the plaintiff's counsel to claim that it did. They however insist that here was a *parol partition* between the old church and the new one, by which this property became the property of the plaintiff. This view of the learned counsel, it seems to me, is erroneous, for two reasons. First, there was never any tenancy in common of this or any property between the old church and the new one. The religious corporation, which we have called the old church, was the sole owner of this property and the church property at Schoharie court-house. The persons authorized to form a separate church and con-

gregation were but individual members of the corporation. Between the corporation and its members there was no tenancy in common of the lands to which the corporation had title, and there could be no partition of such lands between the corporation and any of its members. They had no title in the lands, and there could be no severance by which they could obtain a several interest and right of possession. The idea that the plaintiff became vested with a title to the real estate in question or any part of it by a parol partition, is, therefore, a wholly mistaken one, and that position for the reason above assigned an untenable one. Again, the High Dutch Reformed Church of Schoharie being a religious corporation, was incapable of divesting itself of the title to this property without the order of the court. (§§ 4 and 11 of the act of April 5, 1813, on Religious Incorporations; 3 R. S., 206, 2 ed., 23 Barb., 327; 1 Abb. N. S., 312; 27 Barb., 52.) It is also insisted by plaintiff's counsel that such action of the church of Schoharie is sufficient as a color of title on which to found a claim, which by adverse possession has ripened into a good title. So far as the church built upon the basement in question is concerned, this may perhaps be true, for the church has been occupied under that resolution more than twenty years. It is to be kept in mind, however, that the premises in question in this suit are the basement story, as distinguished from the church built upon it. It has not been shown by any evidence in the case that *this* has been held adversely by the plaintiff, or any person or persons to whose right it has succeeded for twenty years. On the contrary, it appears by the testimony of Chester Rosson, one of the consistory of the church of Gallupville and one of plaintiff's witnesses, that within twenty years the consistory has recognized a separate ownership of the basement by the trustees of the association by whom it was built, and at a time when no school was being kept in it, and when it was becoming a nuisance to the occupants of the church from being a resort of evil-minded persons, that the said consistory formally

The Reformed Church of Gallupville *v.* Schoolcraft.

applied to the only remaining trustee for leave to close it up and nail the windows. This is uncontradicted. Clearly the plaintiff has made out no title by adverse possession.

It is also suggested that even if the plaintiff has shown no title in itself, yet, as against the defendants, who claim no title, plaintiffs ought to be allowed to recover upon its prior possession. In the first place, plaintiff has had no such prior possession of this basement, *claiming to own it*, as would raise a presumption of ownership (*Smith* v. *Lorillard*, 10 John., 338; *Jackson* v. *Denn*, 5 Cow., 200), and then the rule invoked by the plaintiff cannot apply when the plaintiff itself shows title in a third person, as it does in this case in The High Dutch Reformed Church of Schoharie. The plaintiff having thus failed to show any title in itself to the premises in question, we must hold without considering the other questions raised, that the court erred in denying plaintiff's motion for a nonsuit, and that defendant's exception to such decision of the court was well taken.

The defendant's motion for a new trial must therefore be granted, with costs to abide the event.

JAMES, J., concurred.

MILLER, P. J., dissenting. The deed to the High Dutch Reformed Church of Schoharie conveyed the entire fee of the premises, reserving to one of the grantors the right to grant to certain parties the right to build a basement, to be used "for the purpose of keeping a select and other schools in only." Under this conveyance the church took a title subject to the use of the basement as provided. When the basement ceased to be used for the purposes specified, there was no authority, upon the part of the trustees of the school to whom it was conveyed, to use the same for any other purpose. The defendants, therefore, had no right whatever to use or occupy the property, and have not even a claim of title.

As to the plaintiff's right, it is founded upon the action of the High Dutch Reformed Church of Schoharie. In June,

1844, when at a meeting of the consistory and congregation, of which the plaintiff constituted a part, a resolution was passed, by which it was organized as a separate and distinct church; and it was declared that the building and church at Gallupsville, "with the appurtenances thereunto belonging, shall henceforth belong to and be the exclusive property of that part of the congregation hereinbefore designated as a separate and distinct congregation, to have and to hold the same to them and their successors in office."

Under this resolution the new church took possession, and in this edifice have the congregation worshipped from that time until this action was brought without any disturbance and without any question being raised as to their right. It is true that the plaintiff had no deed or written title, absolute and direct upon its face, in legal form, but it had a claim or color of title by virtue of the resolution under which it entered, took possession and occupied for upward of twenty-five years without any interruption and adversely to any claim of the mother church, from which it has separated, and to the whole world. This occupation was not only under a claim of right, but with the knowledge and acquiescence of the original owner. (*Flora* v. *Carbean*, 38 N. Y., 111; *Howard* v. *Howard*, 17 Barb., 663; *La Flombois* v. *Jackson*, 8 Cow., 589.) It matters not whether the title was a good one or otherwise, and is quite enough that the possession was under color and claim of title, exclusive of any other right. This is all which is required. (*Mosher* v. *Yost*, 33 Barb., 281; *Jackson* v. *Newton*, 18 John., 355; *Jackson* v. *Ellis*, 13 John., 118.) Concede that there was no lawful conveyance to the plaintiff and that the High Dutch Reformed Church of Schoharie, being a religious corporation, could not divest itself of title without an order of the court; yet as the plaintiff held possession adversely under a claim of title, it acquired a title which no one could disturb. The High Dutch Church, under whom they claimed to hold, would be precluded from recovering the premises by the adverse possession and *estopped*, I think, by the resolution by which they

surrendered all their rights. No action, then, could be successfully maintained against the plaintiff by any party for the recovery of the property, and it held it by possession under a claim of title. It had an equitable title, at least, which could not be disturbed, and was entitled to maintain an action for any interference with its rights.

. The plaintiff having title to the church, subject to the right to the use of the basement for school purposes, had for about fifteen years prior to the time when the defendants took possession of the basement, been in the actual and . continued possession of the same. It had been abandoned for school purposes by the trustees, and suffered to remain unoccupied and to decay. It was taken possession of by the church officers, repaired, put in order, the property of the church kept there, and by the permission of the officers a school at times was kept there. The sexton of the church all the while kept the key and the officers of the church exercised acts of ownership over it, until the defendants, without permission or authority, took possession of the same. Independent of any absolute title, the possession of the plaintiff under a claim of ownership was sufficient to maintain this action as against the defendants, who were trespassers and intruders, and who had no title or claim of right whatever. Where neither party has title, the one showing the prior possession shall recover unless the last possession has been adverse for twenty years. (*Jackson* v. *Hubble*, 1 Cow., 613 ; *Jackson* v. *Harder*, 4 John., 202 ; *Jackson* v. *Rowland*, 6 Wend., 671 ; *Clute* v. *Voris*, 31 Barb., 511, 515, 516.) As was said in the last case cited by EMOTT, J., " The first or oldest possession which can be shown affords a presumption which can only be overreached by proof of title or a subsequent adverse holding long enough to bar an entry." There is no title or adverse holding of the defendants in this case which in any way interferes with the first and oldest possession of the plaintiff. Under the resolution which separated the plaintiff from the mother church, it took possession and claimed title to the church property, and after the trustees had ceased to use and occupy the basement

as a school under the reservation, by virtue of the title to the church property, claimed title to the basement and reduced the same to possession. It therefore cannot be claimed that the plaintiff had no such prior possession of the basement, *claiming to own it,* as would raise a presumption of ownership. (See *Smith* v. *Lorillard,* 10 John., 338; *Jackson* v. *Denn,* 5 Cow., 200.) Nor can it be said that the rule invoked does not apply because the plaintiff shows title in a third person, the High Dutch Reformed Church of Schoharie, for it is manifest that the last named party had no legal title whatever, as it had parted with and disposed of the same, subject to the reservation of the privilege to use the basement as a school, which, having ceased, became vested in the plaintiff as the owner of the church, and by adverse possession under a claim or color of title.

As the plaintiff was in possession, claiming title, and the defendants had no right whatever, the court properly refused the motion for a nonsuit and committed no error in directing the jury to find a verdict in favor of the plaintiff.

Some other questions were made upon the trial, but none of them require discussion. As there was no error upon the trial, judgment should be ordered upon the verdict in favor of the plaintiff with costs.

New trial granted.