SPIES v. ROME, W. & O. R. Co.

(*Supreme Court, General Term, Fourth Department.* July, 1891.)

**1. ADVERSE POSSESSION—EVIDENCE.**

C. conveyed certain premises in 1805 to the supervisors of a county, to be used as a site for a court-house, and in default of such use the property to return to the grantor, his heirs or assigns. In 1842, C. conveyed a lot, including the same premises, to plaintiff's predecessors in title, and through mesne conveyance the property came to plaintiff in 1856. That part of the lot conveyed to the supervisors went into disuse as a court-house site in 1860, and the supervisors conveyed the same to defendant in 1886. *Held*, in an action to recover the premises from defendant, that plaintiff, having been in adverse possession of the premises for more than 20 years, had acquired an indefeasible title thereto.

**2. DEEDS—BREACH OF CONDITION—REVERTER.**

In such case, there having been a breach of the condition on which the premises in controversy were originally conveyed by C. to the supervisors, by reason of the non-user of the premises as a court-house site, the same reverted, by virtue of C.'s subsequent conveyance of the premises with covenants of warranty and quiet enjoyment, to plaintiff's predecessors in title, C.'s assigns, and through them to plaintiff.

Appeal from special term, Jefferson county.

Action by George Spies against the Rome, Watertown & Ogdensburgh Railroad Company to recover the possession of a small parcel of real estate in the city of Watertown. The complaint alleges that from March 1, 1856, to January 10, 1886, the plaintiff was lawfully possessed of the land and premises described in the .complaint, and that the defendant unlawfully, on the 10th day of January, 1886, "entered into and upon said premises, and unlawfully withholds from the plaintiff the possession thereof, to the plaintiff's damage $150." Defendant admits its incorporation, and denies the other allegations of the complaint. By consent of the parties the cause was tried at special term, and the court found "that the plaintiff, George Spies, is the owner, and was lawfully in possession, of the lands and premises described in the complaint in this action from the 1st day of March, 1856, to the 10th day of January, 1886;" also "that the estate of the plaintiff, George Spies, in said premises, is in fee-simple absolute;" also "that on or about the 10th day of January, 1886, the defendant, the Rome, Watertown & Ogdensburgh Railroad Company, unlawfully entered into and upon said premises, took possession of the same, and still unlawfully withholds from the plaintiff the possession thereof;" and he found that the damages sustained by the plaintiff amounted to the sum of $163.34; and as a matter of law the court found that the plaintiff was entitled to recover the possession of the premises and the damages for withholding the same, and ordered judgment accordingly. Exceptions were filed to the findings. Judgment was entered in accordance with the decision, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN, J.

*Edmund B. Wynn,* for appellant.   *George S. Hooker,* for respondent.

HARDIN, P. J. After a careful perusal of the evidence, the conclusion is reached that the findings of fact are sustained by the evidence. While there is some obscurity produced by the evidence, and some of the evidence tends to show facts inconsistent with the findings made by the trial judge, we are of the opinion that the conclusions of fact are sustained by evidence given upon the trial. We therefore accept the conclusions of fact stated. *Wright v. Saunders,* 65 Barb. 214. It is apparent from the evidence that the title to the premises was originally in one Henry Coffeen. In April, 1842, Coffeen made a conveyance to Newell and Haas, having theretofore, in 1805, made a conveyance of certain premises to the supervisors of Jefferson county of about two acres and a half, to be held as a site for a court-house and jail. The deed to the supervisors contained a condition that, "if it shall happen that the site

for the court-house and jail shall at any time be removed from the above-mentioned premises, or otherwise it shall cease to be the place for holding the courts for the said county, that then and in such case the above granted and described premises, and every part and parcel thereof, with the appurtenances, shall revert back unto the said party of the first part, his heirs or assigns, in as full and ample a manner as though the same had never been granted in manner aforesaid." In 1823 the court-house that was erected on the premises so conveyed to the county was burned, and thereafter the county built "a stone court-house." That has been taken down, and the use of the real estate for court-house purposes ceased "about 1860 or 1861." "There have been no courts held on that lot since." It appears by the evidence that Newell and Haas, upon receiving a deed of the premises in 1842, went into possession of them, and that by a deed bearing date October 25, 1853, they conveyed the premises to one Elihue Cross, who went into possession of the premises described in the complaint, and on the 22d day of December, 1853, he executed a deed conveying the premises to one Samuel W. Hall. Hall entered into possession of the premises, and he and his wife conveyed them to the plaintiff by a deed dated March 1, 1856, which was recorded March 17, 1856; and the evidence tends to show that the plaintiff, the year before he purchased the premises of Hall, had taken a contract therefor, and he entered into possession of them under the contract claimed as purchaser, and that, upon receiving a deed, he continued in possession down to the 10th day of January, 1886, when the defendant took possession of the same against the protest and objection of the plaintiff. The plaintiff testified, viz.: "I have remained in possession of the premises described in that deed ever since down to 1886, January 10th. I was in possession of the premises described in the complaint up to January 10th, 1886. I remained in possession from a year or two prior to the giving of this deed down to the 10th of January, 1886. In the afternoon of Sunday, January 10, 1886, I went down there, and saw these people laying a track. I said, 'What are you doing?' They said they were ordered to lay a track there. Said I, 'You keep off here, or I will make you trouble.' They went on laying the track. They said they were ordered to. I had a lot of timber and lumber piled up on the premises there at the time. I used the balance of this lot for piling lumber and timber. There was a cooper-shop on the lot. * * * They laid the track across the premises on Sunday." After this evidence had been given, the counsel for the defendant said: "We admit we laid the track, and have been using it ever since." In *Jackson* v. *Duncan*, 4 Johns. 203, it was held that a person in possession "under color of title is held entitled to recover an ejectment against a mere intruder or trespasser." The case from which we have just quoted was recognized and followed in *Clute* v. *Voris*, 31 Barb. 514. We think there was nothing in the evidence which would warrant the finding that the plaintiff had abandoned the claim which he had to the premises by reason of his long-continued possession thereof. *Whitney* v. *Wright*, 15 Wend. 172. In *Cahill* v. *Palmer*, 45 N. Y. 479, it was said: "Where the possession is actual, exclusive, open, and notorious, under a claim of title adverse to any and all others for the time prescribed by statute, such possession establishes a title." We think the possession shown in the plaintiff and his grantors was persuasive and strong evidence of title to the premises in the plaintiff. *Argotsinger* v. *Vines*, 82 N. Y. 308. In *Sherman* v. *Kane*, 86 N. Y. 57, it was said: "Where title to land has been acquired by twenty years' adverse possession, it is equally strong as one obtained by grant."

2. If it be assumed that a portion of the premises described in the complaint and in the deed from Coffeen to Haas and Newell was covered by the prior deed from Coffeen to the supervisors and by the supervisors to the railroad company, and that the title to the land conveyed to the supervisors reverted to the heirs and assigns of Coffeen in pursuance of the condition found

in the deed to the supervisors, then, in virtue of the deed from Coffeen to Newell and Haas, which contained covenants of warranty and quiet enjoyment, it would seem the title would vest in the plaintiff. *House* v. *McCormick*, 57 N. Y. 310. We are of the opinion that the evidence fully warranted the trial court in finding as a matter of fact, viz., "that the plaintiff, George Spies, is the owner, and was lawfully in possession of the lands and premises described in the complaint in this action from the 1st day of March, 1856, to the 10th day of January, 1886;" and that on the latter date the defendant "unlawfully entered into and upon said premises, took possession of the same, and still unlawfully withholds from the plaintiff the possession thereof." We see no error as to the finding of the damages sustained by the plaintiff. We think the conclusion of the trial judge should be sustained. Judgment affirmed, with costs.