Lane v. Gould.

---

---

SAME TERM. *Before the same Justice.*

LANE and LANE *vs.* GOULD and others.

To authorize a recovery, in an ejectment suit, the plaintiffs must show themselves in the actual possession of the premises at the time of the defendants' entry; or that they had the title thereto, and thus make out a constructive possession in themselves.

Where it appeared that at the time of the defendants' entry, the premises were open and unenclosed woodland, so that the person under whom the plaintiffs claimed had no actual possession at that time, and that the only possession he had was by taking wood and timber from the premises upon several occasions and at distant intervals of time, and by enclosing the premises, or some portion of them, and cultivating a crop for a single season; and that there had been no actual occupation of any part of the premises, by the plaintiffs, nor any continued acts of possession by them, since the year 1816; *Held* that in the absence of any deed, or paper title, the plaintiffs could not recover.

To make out an adverse possession of lands, so as to vest the title, when there is no deed or other written instrument, there must be a real, substantial enclosure—an actual occupancy—*a pedis possessio*, which is definite, positive and notorious, or the premises must have been usually cultivated or improved.

The possession must be continued for a sufficient length of time to bar an entry, and be accompanied, throughout, by a claim of title. It is not necessary that it should be under a rightful title, but it must be marked by definite boundaries, and be regularly continued for the period of twenty years, to render it available.

The only effect of claiming under a deed or other paper title, upon a question of adverse possession, is to enlarge and extend the possession beyond the portion actually occupied, so as to include the entire lot described in the deed. If the deed is devoid of any description—if it contains no definite and certain boundaries, which can be located, marked out and made known—it can not have the effect to extend the possession beyond the *pedis possessio* which is definite, positive and notorious.

Lane *v.* Gould.

THIS was an action of ejectment for two parcels of land situated in St. George's Manor, in the county of Suffolk. On the trial the plaintiffs recovered a verdict, and the defendants, upon a case, moved for a new trial. The facts sufficiently appear in the opinion of the court.

*Wm. Wickham, Jun.* for the plaintiffs.

*George Miller,* for the defendants.

BROWN, J. The verdict obtained by the plaintiffs in this cause can not, I think, be sustained, without disregarding some of the rules upon which the title to real property is made to depend.

The premises upon which the trespass is alledged to have been committed, are a portion of a tract of land known as St. George's Manor, in the town of Brookhaven, county of Suffolk. To entitle the plaintiffs to recover, they were bound, upon the trial, to show themselves in the actual possession of the *locus in quo* at the time of the defendants' entry, or that they had the title thereto ; and thus to have made out a constructive possession in themselves ; for without the possession, actual or constructive, the action can not be maintained.

In the month of October, 1793, St. George's Manor was partitioned amongst the proprietors, by proceedings in the court of common pleas of Suffolk county. The case does not disclose who were the parties to that suit, but it is quite clear that Freeman Lane the elder, under whom the plaintiffs claim, was then one of the proprietors. In this proceeding, as appeared by the map, and the report of the commissioners read in evidence upon the trial, the east half of lot No. 27 was allotted to Joshua Terry, and the west half of lot No. 28 was set off to some person or persons unknown. These two half lots constitute the premises in dispute.

At the time of the defendant's entry, the premises were open and unenclosed woodland, so that the plaintiffs had no actual possession. No deed or other paper title to Freeman Lane the elder was

produced upon the trial, and indeed I do not understand from
the case that the plaintiffs pretended he ever had any such title.
He undoubtedly took wood and timber upon several occasions
and at distant intervals of time, and there was some proof that
he had the premises, or some portion of them, inclosed, and culti-
vated a crop of corn thereon, for a single season, and this con-
stituted his entire possession.  To make out an adverse pos-
session of lands, so as to vest the title, when there is no deed
or other written instrument, "there must be a real substantial
enclosure—an actual occupancy—a *pedis possessio*, which is
definite, positive, and notorious," or they must have been usually
cultivated or improved.  It must be continued for a sufficient
length of time to bar an entry, and be accompanied, throughout,
with the claim of title.  (*Jackson* v. *Schoonmaker*, 2 *John.
Rep.* 230.)  It is not necessary that it should be under a right-
ful title, but it must be marked by definite boundaries, and be
regularly continued for the period of twenty years, to render it
available.  (*Doe* v. *Campbell*, 10 *John. Rep.* 477.  *Jackson* v.
*Wheat*, 18 *Id.* 44.)  A prior possession of less than twenty
years forms a presumption of title sufficient to put the tenant
on his defense, but it must appear that such prior possession
was not voluntarily relinquished without the *animus revertendi.*
(*Smith* v. *Lorillard*, 10 *John. Rep.* 338.)  It is quite obvious
that Freeman Lane's acts and occupation do not fall within the
influence of these rules ; and they were not accompanied with
the claim of title ; for the evidence sufficiently proved that upon
various occasions, he recognized the title to be in other persons.
He died in the year 1816, and he can not be regarded as hav-
ing title to the premises by adverse possession or otherwise.
The plaintiffs claim the title as the residuary devisees of Free-
man Lane, and they insist that their right to hold the premises
by adverse possession is aided and strengthened by the force and
effect of his will.  Such was also the opinion of the learned
justice who tried the cause, for he charged the jury " that the
will of Freeman Lane, deceased, described the premises suffi-
ciently to be the foundation of an adverse possession of unin-
closed lands."  The will contains no description of the premises.

Lane v. Gould.

If they pass to the plaintiffs at all, it is under the residuary clause, and that barely alludes to them as "the south end from the Mill road, the north end of which is devised to my son Freeman." The only effect of claiming under a deed or other paper title, upon a question of adverse possession, is to enlarge and extend the possession beyond the portion actually occupied, so as to include the entire lot described in the deed. Where the deed or other written instrument under which the party claims describes an entire lot, and a part only is under actual occupation within a substantial enclosure, the legal effect of the deed is to enlarge the actual occupation, and to create a constructive possession of the remainder. But if the deed is devoid of any description—if it contains no definite and certain boundaries, which can be located, marked out, and made known, it can not have the effect to extend the possession beyond the "*pedis possessio* which is definite, positive and notorious." Certainty, publicity and notoriety are the essential elements of an adverse possession; and if it be wanting in these particulars, it can not have the effect to vest the title. In a deed or other written instrument which describes nothing, there is nothing to prevent its being construed to include more or less at the pleasure of the claimant. There is nothing by which other persons whose rights may be barred or prejudiced, may know and ascertain the extent of the claim; and thus the rule of certainty and publicity would be entirely defeated. "Color of title," says Mr. Justice Woodworth, in *Jackson* v. *Woodruff*, (1 *Cowen*, 276,) "under a deed and occupancy of a part, is sufficient proof as to a single lot; yet it follows from the doctrine laid down, that the deed or paper title under which the claim is made must, in the description, include the premises. If the title is bad it is of no moment; but if no lands are described, nothing can pass. The deed is a nullity and never can lay the foundation of a good adverse possession beyond the actual improvement." In addition to the want of a description of the lands in the will, the plaintiffs encounter another serious and insuperable difficulty in the way of making out a title in themselves by adverse possession. Unless they have had an actual *pedis*

*possessio* of a part of the premises, a paper title could not aid them. There is nothing upon which it can operate, and consequently nothing which it can contribute to aid or enlarge. Freeman Lane the elder, under whom they claim, died in the year 1816, and since that time—as appears by the proof—one of them has lived at Islip, and the other at the city of New-York, many miles distant from the premises. There have been no actual occupations of any part, and no continued acts of possession by them since that time. The lands are not part of a lot which they have partly improved and occupied, nor have they been used in connection with any farm of the plaintiffs for the supply of fuel, or fencing, or other purposes of husbandry, so as to come within the provision of the 3rd subdivision of the 10th sec. of the act concerning "the time of commencing actions relating to real property." (2 *R. S.* 222.) The evidence, in my judgment, failed to make out any title in the plaintiffs. The most that can be said is, that they have occasionally taken wood and timber from them, and in this respect their acts are entitled to no more consideration than the acts of any other stranger to the estate.

In my opinion the court erred in the instructions given to the jury, in respect to the force of the will of Freeman Lane, and the verdict is against the evidence. There must be a new trial, with costs to abide the event.

MORE, executor, &c. *vs.* THAYER, public administrator, &c.

As a general rule, a suit is not commenced, where the service of the summons is by publication, until the expiration of the time for publication prescribed by the code.

Yet, where an attachment has been issued against the property of the defend-