Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 The decree' of the District Court confirms the claim of the respondents to the extent of three square leagues, and'describes the land as bounded, on the side of the Mission of San José, by the Sanjon de los Alisos (or Ravine of the Willows); on the north by the Arroyo de la Alameda (creek of the Alameda); and on the west by the Bay of San Francisco. As the ravine and creek connect with each other, the boundaries given inclose on all sides the tract-, from which the three leagues are to be taken. On the side of the bay there are about two leagues of salt or marsh land. The whole of this land is covered by the monthly tides at the new and full moon, and a part of the land is covered by the daily tides. And the objection taken to the survey approved by the District Court, is that it does not include this marsh land as part of the tract confirmed. The objection is made on the supposition that the lines given by the decree do not close; that a fourth line is necessary to complete the boundaries, and that this fourth line must be determined by the quantity confirmed, and so drawn as to include it; aud that by the bay as a boundary in this case is meant the line of low-water mark.
 

 The position that the lines given do not close, rests upon' a mistake as to the fact, and of course requires no other answer than this statement. Within the boundaries given, the respondents had the right to select the location of the quantity confirmed to them, subject only to the restriction that the selection be made in one body and in a compact form. This right of location, possessed by Mexican grantees when a specific quantity is confirmed lying within exterior
 
 *592
 
 boundaries embracing a greater quantity, is, in many cases, controlled by their previous residence, or by sales or other disposition made by them of portions of the general tract. The parcels occupied for a residence, or disposed of, are treated as selections already made, from which the parties cannot recede. But in the present case there were no considerations of this kind to control the election of the respon-, dents: and it is not denied that the land embraced by the survey is in one body, and in a compact form.
 

 The position, that by the bay as á boundary is meant, in this case, the line of low-water mark, is equally unfounded. By the common, law, the shore of the sea, and, of course, of arms of the sea, is the land between ordinary high and low-water mark, the land over which the daily tides ebb and flow. When, therefore, the sea, or a bay, is named as a boundary, the line of ordinary high-wntér mark is always intended where the common law prevails.
 
 *
 
 And there is nothing in the language of the decree which requires the adoption of any other rule in the present case.
 

 If, reference be had to the rule of the civil law, because the bay is given as a boundary in the grant from the Mexican. Government, the result will be equally against the position of the appellants.
 

 The map, to which the grant refers, does not determine the point; it includes both marsh land and upland, and does not indicate that either shall be taken by the grantees before the other. The greater part of the marsh land which is covered by the monthly tides is in fact embraced by the survey, and that part which is excluded, or the greater portion of it, is covered by the daily tides. If the grantees were also entitled to the portion excluded, they could have asserted their right by an appeal from the decree approving the survey. It does not lie with the Government to complain of the decree in this particular.
 

 Decree aeeirmed.
 

 *
 

 3 Kent, 427