(21 App. Div. 13.)

STILLMAN et al. v. BURFEIND.

(Supreme Court, Appellate Division, Second Department.   October 5, 1897.)

1. ADVERSE POSSESSION—CONSTRUCTIVE OCCUPANCY.
    In cases covered by Code Civ. Proc. §§ 369, 370, relating to adverse pos-
    session by a person claiming a title founded upon a written instrument,
    it is not necessary that the entire premises should be inclosed or cultivated
    by him, but the actual occupation and improvement of a part will suffice.
2. BOUNDARIES—HIGH-WATER MARK.
    At common law, grants of land bounded by the sea or navigable rivers
    where tide ebbs and flows extend to ordinary high-water mark.
3. STRAND—WHAT CONSTITUTES.
    The term "strand" is synonymous with "shore," and is that portion of the
    land lying between ordinary high and low water marks.
4. SAME—PAROL EVIDENCE.
    The term "strand" is of universal use, and therefore does not come within
    the rule of admissibility of parol evidence to prove how it is understood or
    accepted in a particular locality.
5. SAME—HARMLESS ERROR.
    But the admission of such evidence cannot be prejudicial if it in fact ac-
    cords with the established meaning recognized by the law.
6. EJECTMENT—EVIDENCE—HARMLESS ERROR.
    Where the title of defendant in ejectment to a rod of the strand was not
    attacked, and the only question was whether the land that defendant had
    taken extended above ordinary high-water mark, which separated the strand
    from plaintiff's land, error in admitting evidence of the use to which the
    strand had been put in that locality was harmless.

Appeal from trial term, Suffolk county.

Ejectment by Joseph Stillman, Elizabeth Williams, Margaret Still-
man, Ella Spencer, and Georgianna Moore against Fred D. Burfeind.
From a judgment entered on a verdict in favor of plaintiffs, and from
an order denying a new trial, defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and
BRADLEY, JJ.

Timothy M. Griffing, for appellant.
Walter H. Jaycox, for respondents.

BRADLEY, J.    The action is ejectment, brought to recover the
possession of a small parcel of land near Great South Bay, in the
county of Suffolk.    The plaintiffs claim title through a warranty
deed made in November, 1849, by Lydia Maria Chichester to Joseph

Avery, of three acres of land, bounded southerly by the bay. The grantee in the deed was the ancestor of the plaintiffs, and through the devise by his will to their mother the plaintiffs inherited the land from her. The evidence tends to prove that ever since, and under such conveyance, the grantee and his successors in interest, who, at the time of the commencement of this action, were the plaintiffs, have been in the possession of the premises, and that in such premises is included the land in controversy. Although the entire premises were not inclosed or cultivated by them, those persons in actual occupation of a part of the premises had, by virtue of the conveyance, the constructive possession of the residue of the land which the deed purported to convey; and the evidence permitted the conclusion that such possession, under claim of title founded upon such conveyance, had been continuous for more than 20 years prior to the commencement of this action, and that, therefore, presumptively the plaintiffs had title. Code Civ. Proc. §§ 369, 370; Edwards v. Noyes, 65 N. Y. 125; Implement Co. v. Hendrickson, 139 N. Y. 440, 34 N. E. 1037. The defendant, in July, 1890, took from Jennie Asmus a conveyance by warranty deed of one rod of strand on the north shore of the Great South Bay, bounded on the west by strand of Mary E. Fagan, and on the east by other strand of his grantor. The defendant erected a bathing house upon what he deemed the land conveyed to him. While the plaintiffs do not question the title of the defendant to the rod of strand described in the deed to him, they do insist that the defendant located his bath house further inland than the northerly line of such rod of strand, and upon the land of the plaintiffs. Hence arises the controversy between the parties.

This parcel of the strand conveyed to the defendant was in front of the plaintiffs' premises; and, in view of the facts which the jury were permitted by the evidence to find, it may be assumed that the northerly line of the former was the southerly line of the plaintiffs' premises. It is the doctrine of the common law that grants of land bounded by the sea or navigable rivers, where the tide ebbs and flows, extend to ordinary high-water mark. 3 Kent, Comm. 427; Attorney General v. Chambers, 4 De Gex, M. & G. 206; Howard v. Ingersoll, 13 How. 381, 421; U. S. v. Pacheo, 2 Wall. 587. This, then, was apparently the outer line of the land described in the deed to Avery. It may be observed that no lines of the rod of strand other than the easterly and westerly lines are described in the deed to the defendant, and the reason for such omission may be in the fact that the lines not shown by the terms of the conveyance are so defined as not to require it. This leads to the inquiry as to what, in extent, is a strand, relatively considered. It seems to be synonymous with the term "shore," and is that portion of the land lying between ordinary high and low water marks. 3 Kent, Comm. 431; Gould, Waters, § 28; Burrill, Law Dict., defining "strand" and "shore"; East Hampton v. Kirk, 68 N. Y. 459, 463, 6 Hun, 257; Railway Co. v. Valentine, 19 Barb. 491; Storer v. Freeman, 6 Mass. 435. The title to the strand or shore of tide waters thus defined presumably is by the common law in the state, but may become the subject of private ownership by title derived from grant or prescription. It may, upon the apparent con-

cession, be assumed that the defendant had title to one rod of strand in front of the plaintiffs' premises. Oakes v. De Lancey, 133 N. Y. 227, 30 N. E. 974. But, as the·strand is within and limited by the ordinary high and low water marks, his lawful possession is thus restricted. It appears that the defendant erected his bathing house outside of the limit, and upon land above high-water mark, and that is the land which is the subject of the action. Upon the facts which the jury were permitted to find, and which it must be assumed they did find, the plaintiffs were entitled to recover. A witness who had resided in that neighborhood for upward of 50 years was permitted to state that a strand, as there understood, was the space between ordinary high-water mark and low-water mark. If the term were in itself, or in its application, local and technical, the evidence would have been admissible as such. Greenl. Ev. § 295. This is not the nature of the term "strand." It is of universal use, and therefore did not come within the rule of admissibility of parol evidence to prove how it was understood or accepted in that locality. But the defendant could not have been prejudiced by the evidence, as it was in accordance with the meaning of the term "strand" wherever the common law prevails, with which the rule of the civil law somewhat differs in that respect. Nor could the defendant have been prejudiced by the evidence to the effect that the strand in question, and in that locality, had been used for the purpose of gathering seaweed, and that such were the rights exercised upon it. The title of the defendant to a rod of the strand was not attacked or questioned. The northern limit of it was high-water mark. It appears that the defendant, with his bath house, occupied land north of that line. The conclusion was warranted by the evidence that in doing so the defendant invaded the premises of the plaintiffs.

The judgment and order should therefore be affirmed. All concur.