(116 App. Div. 726)

## LEDOUX v. SAMUELS.

(Supreme Court, Appellate Division, Second Department.   January 11, 1907.)

1. BANKRUPTCY—REAL PROPERTY—TITLE OF ASSIGNEE.

 Where plaintiff was the owner of a strip of land at the time he became a bankrupt, his assignee in bankruptcy took title to the strip in trust for the benefit of creditors, though the land was not disclosed in the schedules, but title remained in the assignee until alienation by him, or until another title had been created by adverse possession.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 193.]

2. ADVERSE POSSESSION—COLOR OF TITLE.

 When plaintiff became a bankrupt, he was the owner of a certain strip of land in question, and thereafter, while the title to the land was in plaintiff's assignee, plaintiff took title to land adjoining the strip from another

under a deed which included such strip. *Held*, that plaintiff's title to the strip was founded on a written instrument which constituted color of title, as provided by Code Civ. Proc. § 369, so that plaintiff's subsequent possession for a period of upwards of 20 years was sufficient to confer title by adverse possession.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Adverse Possession, § 415.]

Submission of controversy on agreed statement of facts between Paul Ledoux and Herman Samuels. Judgment for plaintiff.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, MILLER, and GAYNOR, JJ.

George F. Alexander; for plaintiff.

Charles Reinhardt, for defendant.

HOOKER, J. This is a submitted controversy, and involves the title to a strip of land 4 inches wide and 100 feet long, on which is located the westerly one-half of a party wall. By deed recorded May 9, 1871, the plaintiff, Paul W. Ledoux, became seised of the entire block of land bounded by Margaretta street, Eldert street, Bushwick avenue, and Broadway, in the borough of Brooklyn. In the same year he built the party wall referred to, and prior to September, 1875, he had disposed of all of the block of land bounded by the four streets mentioned, except the strip 4 inches wide no Eldert street, 100 feet east from Broadway and running back 100 feet. On the 20th of September, 1875, the plaintiff, Paul W. Ledoux, was adjudged a bankrupt in proceedings in voluntary bankruptcy, and on March 21, 1876, was discharged from his debts. His petition and schedules in the bankruptcy proceedings, however, failed to show his ownership in the 4-inch strip of land. An assignee of his estate was appointed and qualified in the bankruptcy proceeding. The plaintiff was not aware, at the time of the bankruptcy, of the fact that the 4-inch strip had not been disposed 'of and that the legal title was vested in him, and did not learn of that fact until 1879. In that year one Bernard Dewitt acquired title to the premises adjoining the strip, and by deed dated June 27, 1879, and recorded on August 4, 1879, conveyed to this plaintiff the land he had acquired; the discription including that land and the 4-inch strip. In 1881 the plaintiff conveyed to Mary E. Thompson the land described in his deed from Dewitt, also including in the description the 4-inch strip. Some time thereafter his grantee, Mary E. Thompson, reconveyed to him, the plaintiff, and thereafter he conveyed a plot, including this 4-inch strip, to one Miller, who later conveyed to the wife of the plaintiff, and she, by deed dated November 18, 1891, and recorded September 22, 1904, deeded to the plaintiff. By agreement dated January 7, 1905, plaintiff agreed to sell and convey to the defendant, Herman Samuels, the tract of land bounded north by Halsey street, south by Eldert street, west by Broadway, and on the east by the east line of the 4-inch strip, and the controversy is whether or not the plaintiff is seised of marketable title, entitling the plaintiff to a decree for specific performance of that contract.

It must be evident that, upon the qualification of the plaintiff's assignee in bankruptcy, the assignee took legal title to this 4-inch strip in trust for the benefit of creditors, and this, even though the schedules failed to disclose the ownership of the plaintiff in the strip; and in him the title remained and was bound to remain until there had been an alienation by him, or until another title had sprung up by virtue of adverse possession. The plaintiff took title from Dewitt in 1879, in a deed which included this 4-inch strip in the description. Under the provisions of section 369 of the Code of Civil Procedure, the plaintiff's claim in 1879, being founded upon a written instrument, was such that he was then deemed to have been holding the land adversely. Entry and possession under a deed, without right in the grantor, is entry under color of title, and the possession is adverse. Sands v. Hughes, 53 N. Y. 287. The plaintiff, as grantee under deed to him of November, 1891, and his predecessors in title, have therefore occupied the land in question adversely for upwards of 20 years, and a title by adverse possession has arisen, which is good. "Title by adverse possession is equally strong as one obtained by grant." Sherman v. Kane, 86 N. Y. 57, 64.

The plaintiff should have judgment, with costs. All concur.