COUCH v. ARMORY COMMISSION OF THIRD BRIGADE DIST. OF NEW YORK.

(Supreme Court, Special Term, Westchester County.  August 25, 1915.)

1. MINES AND MINERALS ⬤⟹49—ADVERSE POSSESSION.
   Where an owner of the surface, who was also one of the tenants in common of the mines and minerals therein, conveyed the whole of the property to one who recorded his deed, took possession of the entire property, and by himself and his successors continued in exclusive possession under such claim of title for more than 20 years prior to petitioner's acquisition of title thereto, and operated the only mine upon the property, the petitioner had a perfect title to the whole of the premises by adverse possession, as title to mines and minerals may be acquired by adverse possession, not only by the owner of the surface, but by one having no interest in the surface.
   [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 135; Dec. Dig. ⬤⟹49.]

2. TENANCY IN COMMON ⬤⟹15—ADVERSE POSSESSION—OUSTER OF COTENANTS.
   Under a deed by the owner of the surface, who was also a tenant in common of the mines and minerals, assuming to convey the whole property to one who recorded his deed and entered into possession, and assumed to take the entire estate, the possession of the grantee and his successors in title, supplemented by their working of the only known mine on the premises for over 20 years, operated as an ouster of the grantor's cotenants in the mines and minerals, and constituted adverse possession thereof, barring the rights of such tenants in common.
   [Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 42-52; Dec. Dig. ⬤⟹15.]

3. EMINENT DOMAIN ⬤⟹169—APPRAISAL—NOTICE TO PARTIES—STATUTE.
   Under Laws 1914, c. 273, providing for the state's acquisition of real property for military and naval purposes, making a reappropriation therefor, and providing that, if the Armory Commission was not able to serve a notice of appropriation upon the owner of any property taken, it might serve such notice by filing it with the county clerk, it was not necessary that the commission, before applying for the appointment of commissioners of appraisal to determine the compensation for land taken from petitioner, have additional time to ascertain the names of other owners.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 461; Dec. Dig. ⬤⟹169.]

Application by Franklin Couch for mandamus compelling the Armory Commission of the Third Brigade District of the State of New York to apply for the appointment of commissioners of appraisal to fix compensation for lands taken pursuant to Laws 1914, c. 273. Application granted.

Clifford Couch, of Peekskill, for petitioner.
E. E. Woodbury, Atty. Gen., for respondent.

TOMPKINS, J.  This is a motion for a writ of mandamus directing the Armory Commission of the Third Brigade District to apply for the appointment of commissioners of appraisal to determine the amount to be paid the petitioner for lands taken on June 17, 1914, pursuant to the provision of chapter 273 of the Laws of 1914. The

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

only objection raised to the motion is that the petitioner is not the owner of the whole estate in the mines and minerals, if any, in such property, and that therefore it is necessary that the Armory Commission should have additional time in which to try to ascertain the names of such other owners.

[1] Gen. Pierre Van Cortlandt, the owner of the surface of front lot No. 10, of the manor of Cortlandt, generally known as the "Anthony Nose tract," and also one of the tenants in common of the "mines and minerals" therein, the premises in question being a part of such tract, in April, 1843, conveyed the whole of such property to his son, Col. Pierre Van Cortlandt, whereupon the latter recorded his deed and took possession of the entire property, and by himself and his successors in title, have continued in possession thereof under such claim of title, exclusive of any other right, for over 70 years, and for more than 20 years prior to the petitioner's acquisition of title operated the only known mine upon such property. Under such circumstances the petitioner's title to the whole of the premises in question is perfect; title by adverse possession being as good as by grant. Sherman v. Kane, 86 N. Y. 57; Ledoux v. Samuel, 116 App. Div. 726, 728, 102 N. Y. Supp. 43.

Title to mines and minerals may be acquired by adverse possession, not only by the owner of the surface, but by a person having no interest in the surface (Armstrong v. Caldwell, 53 Pa. 284; Caldwell v. Copeland, 37 Pa. 427, 432, 78 Am. Dec. 436; Gill v. Fletcher, 74 Ohio St. 305, 78 N. E. 433, 113 Am. St. Rep. 962; Wilson v. Henry, 40 Wis. 607; Barringer & Adams on Mines, 568, 569; 2 Wash. Real Prop. [3d Ed.] 347), and may thus be acquired when a person operates a mine or carries on mining operations continuously for 20 years adversely to the rights of others. In Armstrong v. Caldwell, 53 Pa. 284, it was held that if the owner of the mine is not in actual possession, and a person operates such mine continuously for 21 years (the statutory period in Pennsylvania) adversely to the right of such owner, he acquires the ownership thereof. In Caldwell v. Copeland, 37 Pa. 427, 78 Am. Dec. 436, it was held that adverse possession of a mine by the owner of the surface for the statutory period would give title. In Wilson v. Henry, 40 Wis. 607, it was held that occupation under paper title, by mining operations, continuous, visible, and notorious, constituted actual adverse possession of the mines and minerals.

Col. Pierre Van Cortlandt having entered into possession and operated the only known mine upon the property described in his deed for the statutory period, his adverse possession operated as possession of all the mines and minerals within the bounds of his deed. Such possession is coextensive with the boundaries stated in his deed. Armstrong v. Caldwell, 53 Pa. St. 284; Hicks v. Bell, 3 Cal. 219; English v. Johnson, 17 Cal. 107, 76 Am. Dec. 574; Francœur v. Newhouse (C. C.) 43 Fed. 236; Dwinnel v. Dyer, 145 Cal. 19, 78 Pac. 247, 7 L. R. A. (N. S.) 763; Attwood v. Fricot, 17 Cal. 37, 76 Am. Dec. 567, 570; Donohue v. Whitney, 133 N. Y. 178, 185, 30 N. E. 848; Stillman v. Burfeind, 21 App. Div. 13, 47 N. Y. Supp. 280; Lane v. Gould, 10

Barb. 257; Jackson v. Bowen, 1 Caines, 359, 2 Am. Dec. 193; Finlay v. Cook, 54 Barb. 9; Smith v. Gale, 144 U. S. 509, 12 Sup. Ct. 674, 36 L. Ed. 521; Brobst v. Roe, 77 U. S. (10 Wall.) 519, 19 L. Ed. 1002; Prescott v. Nevers, 4 Mason, 330, Fed. Cas. No. 11,390.

[2] There is another view of this case which is conclusive of the petitioner's title to the mines and minerals. Gen. Van Cortlandt, one of the tenants in common of the mines and minerals, having by his deed of April, 1843, assumed to convey the whole property to Col. Van Cortlandt, and he having recorded his deed and entered into possession and assumed to take the entire estate, the possession so taken and held by him, and his successors in title, supplemented by a working of the only known mine on the property conveyed, for a period of over 20 years, operates as an ouster of the cotenants of Gen. Van Cortlandt in the mines and minerals, and constitutes adverse possession of the same, and the right of the other tenants in common is barred. In Freeman on Cotenancy (2d Ed.) § 197, it is said:

"A conveyance by one cotenant purporting to convey an estate in severalty * * * constitutes color of title. The entry of the grantee made under the deed, and claiming an interest coextensive with that with which the deed purports to deal, is an entry under color of title. The cotenants are therefore bound to take notice of the deed and of the entry made under it, and take such steps as may be required to enforce a recognition of their legal rights. Should they fail to do so within the time prescribed by the statute of limitations, their rights will be no longer susceptible of enforcement; and their interests, by operation of that statute, will vest in the party in possession under the deed."

In Sedgwick & Wait on Trial of Title to Land (2d Ed.) § 287, it is said:

"When the grantee has obtained a conveyance of the whole estate from one of the cotenants, entry made under such a title is a disseisin of the other cotenants. This doctrine is just and reasonable, for the grantee does not intend to enter and hold as a cotenant. His entry is adverse. The sale in such case of the whole tract is in effect such an assertion of claim to the whole as cannot be mistaken, because it is wholly incompatible with an admission that the other tenant in common has any right whatever."

In Jackson v. Huntington, 5 Pet. 402, 8 L. Ed. 170, it was held, if there be a tenancy in common, the grantee of one tenant in common for the whole, entering on such conveyance, may set up the statute against his cotenants in common. In 1 Am. & Eng. Ency. of Law (2d Ed.) 806, it is stated:

"A conveyance by a cotenant of an entire estate gives color of title, and if possession is taken under it, the grantee claiming title to the whole, it amounts to an ouster of the cotenant, and the possession of the tenant is adverse as to them."

In Sweetland v. Buell, 164 N. Y. 541, 551, 58 N. E. 663, 666 (79 Am. St. Rep. 676), it is said:

"If one tenant in common assumes to sell and convey the entire estate, apparently doing so, and his grantee assumes to take it and goes into possession, the possession thus taken and held by him may be treated as an ouster of the cotenants and constitute adverse possession. Clapp v. Bromagham, 9 Cow. 530; Bogardus v. Trinity Church, 4 Paige, 178; Florence v. Hopkins,

46 N. Y. 182, 186; Town of Needham, 3 Paige, 545 [24 Am. Dec. 246]; Baker v. Oakwood, 123 N. Y. 16 [25 N. E. 312, 10 L. R. A. 387]."

See, also, to same effect, Hamerslag v. Oppenheimer, 58 App. Div. 288, 68 N. Y. Supp. 1061; Wright v. Saddler, 20 N. Y. 320; Jackson v. Smith, 13 Johns. 406; Lessee of Clymer v. Dawkins, 3 How. 689, 11 L. Ed. 778.

The cases cited in the respondent's brief (Marvin v. Brewster Iron Mining Co., 55 N. Y. 538, 14 Am. Rep. 322; Arnold v. Stevens, 24 Pick. [Mass.] 106, 35 Am. Dec. 305; French v. Lansing, 73 Misc. Rep. 80, 132 N. Y. Supp. 623; White v. Miller, 78 Misc. Rep. 428, 139 N. Y. Supp. 660) are distinguishable from this case. They are cases where the title to the mines and minerals had been severed from the surface and not again united, and in which the owner of the surface, having no title or interest in the mines or minerals, asserted title to the mines or minerals by reason of having been in possession of the surface for more than 20 years, and in which it was held that the exclusive and continued possession of the surface, by its owner, could not be adverse to the owner of the mines or minerals.

[3] In the case at bar, Gen. Van Cortlandt, who made the conveyance to his son, Col. Van Cortlandt, was a part owner of the mines and minerals, as well as the sole owner of the surface, and in him the title of the mines and minerals, severed by the will of Gertrude Beekman in 1776, was reunited. Further, it is provided by chapter 273 of the Laws of 1914 that, where the names of the owners of the property to be appraised are unknown, notice to such owners may be given by service upon the county clerk. In this manner the state will be fully protected against the possible claims of unknown parties. The fact that some unknown party may have or claim to have an interest in the premises is no good reason why the Armory Commission, after taking possession of the premises, should refuse to take proceedings to have the amount to be paid therefor determined. If, upon the coming in of the report of the commissioners of appraisal, it appears that any unknown party has or claims to have an interest in the award, the money may be paid into court, to be thereafter paid out, upon an application by the parties interested.

The application for a writ of mandamus will therefore be granted.