McFarland *v.* Culbertson *et al.*

## SAMUEL McFARLAND, RESPONDENT, *v.* O. H. P. CULBERTSON ET AL., APPELLANTS.

An occupation of timber land within boundaries clearly marked and defined, constitutes possession, without any actual inclosure of such lands by fence.

The law only requires such possession to be taken as will make the land available and useful to the occupier. Arable and meadow lands must be inclosed to be valuable for any useful purpose. Timber land need only to be marked out to show within what boundaries the occupant claims.

Prior possession of land by the plaintiff, and ouster by defendant, makes a *prima facie* case for plaintiff, and throws the burthen of proof on defendant to show that he has some superior right.

It is not sufficient for defendants to show the land is subject to pre-emption. They must show all the facts which establish their rights as pre-emptors.

The plaintiff having shown his right as an occupant, the defendants, to have protected their possession, should have shown the land subject to pre-emption, and themselves of that class of persons entitled to pre-emption rights.

A certificate of the Register of the Land Office that defendants had filed a declaratory statement in his office, did not prove that they were of the class of persons entitled to pre-empt. If the declaratory statement might be received as evidence on that point, at least that statement, or a certified copy thereof, should have been introduced.

APPEAL from the District Court of the Fourth Judicial District, Washoe County, Hon. C. C. GOODWIN presiding.

The facts are stated in the Opinion.

*Pitzer & Keyser*, for Appellants.

The evidence was insufficient to support the verdict. No possession under any statutory provision was proved, and no actual occupation was shown. (*Murphy* v. *Wallingsford*, 6 Cal. 649, and *Kile* v. *Tubbs*, 23 Cal. 435.)

The verdict was against law, because it was contrary to the instructions of the Court.

The Court erred in instructing the jury that the certificate of the Register of the United States Land Office was not evidence of possession. (*Gallup* v. *Armstrong*, 22 Cal. 480.)

The Court erred in refusing some of the instructions asked by defendant, and in the general charge given to the jury.

*Wallace & Flack*, for Respondent.

It is admitted that there are some inaccuracies in the instructions. But all the material errors are on the side of appellants. This Court will not reverse a cause for mere technical errors, which could not have prejudiced the jury against appellants, especially when the facts proved show that under no proper instructions could the verdict have been different. (*Dwinelle* v. *Henriques*, 1 Cal. 387.)

The whole of the instructions must be examined together to see if they were prejudicial to appellants.

(See case just cited, and *Carrington* v. *Pacific Steamship Co.*, 1 Cal. 475.)

Opinion by LEWIS, C. J., BEATTY, J., concurring.

This is an action of ejectment brought by respondent to recover possession of a tract of timber land located in the county of Washoe, and containing about six hundred and forty acres. The defendants deny the plaintiff's ownership and right of possession, and two of them, Hughes and Barney, plead ownership and right of possession in themselves, each to a quarter section of the premises in dispute. The trial was had by a jury, and the verdict and judgment were for the plaintiff. Defendants appeal. The testimony presented by the record clearly establishes the following facts: Early in the year 1861, four persons, D. R. Wood, W. H. Moe, E. S. Simmons, and Heusted Moe, located the premises in question, felled trees around the entire tract so as to distinctly mark its boundaries, and resided upon the land thus inclosed until September, A.D. 1861, at which time they, or a majority of them, conveyed to the plaintiff, Samuel McFarland. Shortly after this conveyance to the plaintiff, he built a saw mill and several other buildings

19

on the premises. As soon as the mill was completed it was employed in sawing the timber cut from the land in dispute, and the men employed at the mill, and in getting out logs, lived on the premises. The mill was kept in operation until the fall of 1865, when the plaintiff removed the machinery to Summit City, but employed a man or two to remain on the land, and they were there in November, A.D. 1865, when the defendants went on and ousted the plaintiff, and commenced cutting the timber, claiming that as the land had been surveyed by the General Government, the plaintiff had no right to the possession of more than one hundred and sixty acres, whereas he was claiming and attempting to hold six hundred and forty. The two principal points made by the appellants on this appeal are: 1st. That as the plaintiff failed to prove a sufficient inclosure of the premises, the verdict was not supported by the evidence; and 2d. That as the land in controversy was surveyed by the General Government and open to preëmption, the plaintiff had no right to the possession of more than one hundred and sixty acres. Upon the first of these points we are well satisfied that the appellants are in error. The Courts of this State have uniformly held that a perfect inclosure of timber land is not necessary. To build a fence that would turn stock would be an utterly useless act, and one which the Courts have never required. If there be an occupation within boundaries so clearly marked and defined as to notify strangers that the land is taken up or located, it is all the possession which the Courts of this State have ever deemed necessary to require. The timber land in this State is usually of no value except for the wood and timber which may be taken from it; no fence would be necessary to subject it to the complete control of a person locating it for that purpose. The land would be as useful without being inclosed by a fence as if it were, whilst arable or farming lands would not. Usually, arable or meadow land can only be subjected to the purposes for which it is most useful by such an inclosure as will turn stock. Hence, the Courts have repeatedly held that such land must be inclosed by a substantial fence; but as the law never requires a vain thing to be done, the Courts require nothing more than a distinct marking of the boundaries of timber land, and an actual occupation within those boundaries. This distinction was recognized by this Court in the case of *Sankey* v.

*Noyes*, 1 Nev. 68; and the Supreme Court of the Territory, in the case of *Alford et als.* v. *Dewing et als.*, distinctly held that the inclosing of timber land with a substantial fence was entirely unnecessary.

In this case, the inclosure seems to have been much more perfect than usual. It is clearly shown by the testimony introduced by the plaintiff that the fence, which consisted of felled trees, brush, and stone, was continuous and unbroken around the entire claim, except upon one side, where there was an opening of some few yards, but upon that side it joined a tract which was completely inclosed with the same character of fence. Though it seems to be conceded that the fence was not sufficient to turn stock, yet it is established beyond question that it distinctly marked the boundaries of the plaintiff's claim. That character of inclosure, together with the continuous occupation by the plaintiff, certainly constituted such a possession as would entitle him to recover in ejectment against any subsequent locator who had no title from the Government.

But, say counsel for the defendants, this land is surveyed by the General Government and is open to pre-emption, and the plaintiff has no right to the possession of more than one hundred and sixty acres. Priority of possession is always sufficient to support a recovery in ejectment. When, therefore, a plaintiff shows his prior possession and an ouster by the defendant, that entitles him to a recovery unless the defendant shows a superior or better right to the possession in himself. In this case, the plaintiff's possession was unquestionably earlier than that of the defendants, and therefore, unless the defendants show better right in themselves the plaintiff should recover. The mere fact that the land is subject to pre-emption does not necessarily entitle the defendants to possession of any of it as against the plaintiff. True, the Government gives the right to pre-empt only one hundred and sixty acres to each person. It does not recognize the right of all persons even to pre-empt one hundred and sixty acres. Only those who are citizens of the United States, or who have declared their intention to become so, are twenty-one years of age, and have not pre-empted before, and who are not the owners of three hundred and twenty acres of land, have the right to pre-empt even a hundred and sixty acres of land. Should they not be citizens, or not have declared their intention to become so,

or should be under twenty-one years of age, they would have no rights whatever under the pre-emption laws of the United States. Independent of the pre-emption laws, the plaintiff's prior possession of the four hundred and sixty acres undoubtedly entitled him to recover.   If then the defendants, who claim a portion of the land by subsequent settlement upon it, rely upon the pre-emption laws for protection, or for a right to the possession as against the plaintiffs, they must show affirmatively that the land is surveyed and open to pre-emption, *and that they have a right to the possession by virtue of a pre-emption right;* that is, they should have shown that they were citizens of the United States, or had declared their intention of becoming so, and that they were over twenty-one years of age. Unless these facts be shown, how is the Court to know that they have any rights whatever ; that they are not mere naked trespassers upon the public land, with no possible right to pre-empt the premises from which they have ousted the plaintiff?   Though the plaintiff himself have no pre-emption right, his proof of prior possession entitles him to retain the possession against all persons having no better right, and the defendants certainly could not have if they had not the right to pre-empt.   The defendants introduce no ·proof whatever to show that they could pre-empt.   There is no evidence of their citizenship, or age, and nothing to show that they had not exhausted their rights by a former pre-emption.   They therefore showed no right which would overcome the plaintiff's prior possession.   Had the defendants shown themselves entitled to pre-empt by proof of the necessary facts, and that the land was open to pre-emption, that might possibly have been sufficient to overcome the plaintiff's right of recovery, for the right of possession must accompany the right of pre-emption.   But as that was not done, the verdict and judgment were correct.   As to the charge of the Judge upon the effect of the Register certificate that the defendants had filed a declaratory statement in the Land Office, we may say, as did the Judge below, that it was not evidence of title or right of possession.   The declaratory statement itself was not introduced or offered in evidence, nor is there anything to show that the defendants were citizens, or that they could claim any right of pre-emption even if the declaratory statement were itself regular. The certificate of the land officers that the defendants had filed a

declaratory statement amounts to nothing more than a certificate that they have declared that they were entitled to a pre-emption right upon a certain quarter section of land. Had the declaratory statement, or a certified copy of it, been introduced in evidence, it would only have proven that the defendants had taken the first step towards the pre-emption, without establishing any title or right of possession in themselves. In any event, if the defendants wished to derive any advantages from the filing of a declaratory statement, they should have introduced the statement itself, or a certified copy of it, so that the Court below might judge of its effect. As it was, the certificate of the Register of the Land Office amounted to nothing. As the general views which we have expressed will cover the error complained of in the instructions of the Court below, it is unnecessary to give them any special consideration.

Judgment affirmed.