## PENDO *et al* v. BEAKEY.

1. A notice for a new trial stated that the motion would be made on a bill of exceptions thereafter to be settled, and it appears that the motion was so made, and was heard and decided on the same day the bill was settled. *Held*, that it would be presumed that the bill was settled before the hearing and decision of the motion, and hence an objection that the questions presented by the bill cannot be considered, made on the ground that the notice did not specify the errors of law relied on, cannot be sustained; there being no contention that the errors relied on were not fully set out in the bill.

2. If an action for possession of a town lot in the actual adverse possession of defendant is based on the alleged prior possession of plaintiffs, they can recover only by showing that the premises were inclosed by a good, substantial fence and kept in good repair to the time of defendant's entry, or by showing actual residence on or occupancy of the premises by themselves or tenants, with the boundaries of the premises well defined, continued to such time.

3.  In an action for possession of land, a recorded notice of plaintiffs' alleged location, in which they state a claim to the land, was inadmissible; there being no law authorizing such notice and record, and only a local custom to record such notices being shown.

4.  Comp. Laws, § 5455, provides that in an action to recover realty on which permanent improvements have been made by defendant, or those under whom he claims, holding under color of title adversely to the claim of plaintiff, in good faith, their value must be allowed as a counterclaim by him. *Held*, that actual possession under *bona fide* claim of title by defendant was such a color of title as entitled him to recover thereunder, and that he need not show a paper title to bring himself within its provisions.

(Opinion filed February 12, 1902.)

Appeal from circuit court, Lawrence county. HON. JOSEPH B. MOORE, Judge.

Action by Raffaelo M. Pendo and another against Edward H. Beakey for the recovery of certain real property. From a judgment for plaintiffs, defendant appeals. Reversed.

*Thos. L. Redlon* and *McLaughlin & McLaughlin,* for appellant. *Edwin Van Cise* and *Jno. R. Russel,* for respondents.

CORSON, J. This is an action to recover a small tract of land—less than one acre—in the westerly part of Lead City. The verdict and judgment were in favor of the plaintiffs, and the defendant appeals. The plaintiffs claim to recover the premises by virtue of prior actual possession.

Before proceeding to discuss the merits, we will notice a preliminary question. It is suggested on the part of the respondents that the questions presented by the appellant cannot be considered by this court for the reason that the notice of intention to move for a new trial does not specify the errors of law relied on. The notice for a new trial, however, states that the motion would be made on

a bill of exceptions thereafter to be settled, and it appears that the motion was so made; and the fact that the motion for a new trial was heard and decided on the same day the bill of exceptions was settled is not material, as this court will presume that the bill of exceptions was settled before the hearing and decision of the motion. The respondents do not contend, as we understand them, that the particular errors relied on were not fully set out in the bill of exceptions.

The defendant denied the plaintiffs' title, and pleaded facts constituting an estoppel, and a counterclaim for the value of the improvements, conceded to be about $800. The defendant seeks a reversal of the judgment on the following grounds: First, error in the instructions of the court; second, error in the admission in evidence of notice of plaintiffs' alleged location, and record of the same; and, third, error in the ruling of the court in excluding defendant's evidence upon his counterclaim for his improvements.

On the trial the plaintiffs offered evidence tending to prove that they took up a tract of land, about 250x250 feet, constructed a fence around the same, and erected thereon a small cabin, 12x14 or 14x16; that parties, by plaintiffs' consent, occupied said cabin, and that the fences around the same were kept in good repair, until 1896 or 1897, when the defendant entered on a part thereof and ousted the plaintiffs therefrom, and has ever since retained the same. The defendant introduced evidence on his part tending to prove that after 1893 or 1894 the fences around said lot were down, and the wires and posts mostly removed therefrom; that the windows and doors of the cabin were broken in, and the same was unoccupied, except as a shelter for live stock roaming in that vicinity; that the premises were all open to the public, so that teams could pass and repass over the same, and remained in this condition until

he settled upon a portion of the tract about seventy-five feet square, and erected a small stable and a two-story dwelling house thereon.

The court charged the jury, of its own motion, as follows: "You are instructed, gentlemen of the jury, that neither a good and substantial fence, nor a residence upon land, are necessary to a peaceable and actual possession. Fences are a means by which the possession of land may be taken and held, but are not the only means; for, as I have told you before, in an instruction given you at the request of the plaintiffs, there may be an actual possession without fences or inclosure of any kind, if there is an intent to occupy the premises. In this case, if you are satisfied by a preponderance of the evidence in the case that the plaintiffs, about the month of November, 1890, settled upon and took possession of a tract of land in the outskirts of Lead City, including the land in controversy, erected a dwelling upon such land, and inclosed the land with a fence, or otherwise indicated the boundaries sufficiently to indicate the boundaries of the claim, so as to clearly and openly indicate a claim to the property, and afterwards used the land so inclosed as a place of residence for themselves, or either of them, or their tenants, and continued to maintain the boundaries sufficiently to clearly and openly indicate their claim to the property, and while this land was so occupied by them the defendant, without permission or consent from them, or either of them, entered upon the land and occupied the ground in controversy in this action, and has since withheld the same from the plaintiffs, then your verdict should be in favor of the plaintiffs and against the defendant." And the court gave the following instructions on request of the plaintiffs: "In this action the jury are instructed that it was not necessary to the actual possession of the land claimed by the plaintiffs that they should keep the fence all the time in good repair, or so as to consti-

tute a continuous fence about the tract claimed, or that the plaintiffs, or either of them, should reside upon the land. There may be an actual possession without fences or inclosure of any kind, and if the jury shall believe from the evidence, and a fair preponderance thereof, that plaintiffs, in the first instance, when they asserted a claim to the tract between Stone and Galena streets, declared in their notice to be about 250 feet square, they then, one or either of them, constructed a fence sufficient to indicate the boundaries of their claim, and maintained it in such a condition as to clearly and openly indicate their claim to the property, and erected a house which they, or either of them, afterwards occupied, either in person or by tenant, and that such a claim and possession was still asserted at the time the defendant entered, and he then had notice of such claim, your verdict should be for the plaintiffs."

It is contended on the part of the appellant that these instructions of the court do not state the law correctly as applicable to this case. He further contends that the plaintiffs could only recover upon his alleged prior possession by showing that the premises were inclosed by a good, substantial fence, kept in good repair up to the time of defendant's entry, or by actual residence upon, or occupancy of the premises by themselves or tenants, with the boundaries of the premises well defined, and so continued up to the time of the defendant's alleged entry. In this contention we are of the opinion that the defendant is substantially correct. The defendant at the commencement of this action was in actual possession of the premises in controversy, and presumably rightfully so; and this presumption could only be overcome by proof that the plaintiffs had the actual, exclusive, prior possession at the time the defendant entered upon the same. In Sabariego v. Maverick, 124 U. S. 261, 8 Sup. Ct. 461, 31 L. Ed. 430, the supreme court of the United States, in discussing

the question of plaintiffs' right to recover upon prior possession, says: "The maxim that the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's is applicable to all actions for the recovery of property." And that court, in its opinion, quotes the following language of the supreme court of Texas in Wilson v. Palmer, 18 Tex. 592: "The evidence must show a continuous possession, or at least that is was not abandoned, to entitle a plaintiff to recover merely by virtue of such possession." And it proceeds as follows: "That is to say, the defendant's possession is in the first instance presumed to be rightful. To overcome that presumption, the plaintiff, showing no better right by a title regularly deduced, is bound to prove that, being himself in prior possession, he was deprived of it by a wrongful intrusion by the defendant, whose possession, therefore, originated in a trespass. This implies that the prior possession relied on by the plaintiff must have continued until it was lost through a wrongful act of the defendant in dispossessing him. If the plaintiff cannot show an actual possession, and a wrongful dispossession by the defendant, but claims a constructive possession, he must still show the facts amounting to such constructive possession. If the lands, when entered upon by the defendant, were apparently vacant and actually unoccupied, and the plaintiff merely proves an antecedent possession at some prior time, he must go further and show that his actual possession was not abandoned; otherwise he cannot be said to have had even a constructive possession. To the same effect are the cases of Jackson v. Walker, 7 Cow. 637; Same v. Denn, 5 Cow. 200; Smith v. Lorillar, 10 Johns, 338."

It seems to be well settled by the authorities that a person seeking to hold a town lot must have the same inclosed by a substantial fence, or must occupy the same for some useful purpose. In Polack v. McGrath, 32 Cal. 15, the supreme court of California, in

discussing this question, uses the following language: "The supreme court of Pennsylvania, in defining the nature of adverse possession, say, in language often cited for its completeness and accuracy, that it must be 'an actual, continued, visible, notorious, distinct, and hostile possession..' Hawk v. Senseman, 6 Serg. & R. 21. Wherein, it may be asked, does the actual possession required in the case of prior possession differ, if at all, from the actual possession demanded in adverse possession? We see no ground for drawing any distinction, and think none exists. The statute has come to the aid of the court in defining 'adverse possession', and, in the section already cited, has declared that where the land has been protected by a substantial inclosure, or where it has been usually cultivated or improved, it shall be deemed to have been possessed and occupied by the person claiming adversely, but without color of title. This constitutes actual possession, and perhaps fills the measure of the definition given in Hawk v. Senseman." The statute of California referred to in the foregoing quotation is the same as the statute in this state defining "adverse possession", and reads as follows: "For the purpose of constituting an adverse possession, by a person claiming title not founded upon a written instrument, or judgment or decree, land shall be deemed to have been possessed and occupied in the following cases only: (1) Where it has been protected by a substantial enclosure. (2) Where it has been usually cultivated or improved." Comp. Laws, § 4844. It seems to us that the rule adopted by the California court might be very properly adopted by this court. Substantially the same rule is laid down in Thompson v Burhans, 79 N. Y. 93. In that case the court says: "One may gain actual possession of land by fencing it, or by cultivating and improving it, or by building upon it; and then he will have possession of as much as

he has fenced, or cultivated and improved, or built upon, with some land around and necessary for the buildings. Actual possession—*possessio pedis*—can mean no more." In Courtney v. Turner, 12 Nev. 345, the supreme court of Nevada, in speaking upon this subject says: "Actual possession of land ·consists in subjecting it to the will and dominion of the occupant, and must be evidenced by those things which are essential to its beneficial use." The court further on in the opinion cites McFarland v. Culbertson, 2 Nev. 282, and quotes with approval the following: "Actual possession of land is the purpose to enjoy, united or manifested by such visible acts, improvements, or inclosures as will give the locator the absolute and exclusive enjoyment of it." The jury were not only instructed that there might be an actual possession without fences and inclosures of any kind or occupancy; but they were also instructed, in effect, that an intention to occupy, or the assertion of a right to the premises, by the plaintiffs, was sufficient to entitle them to recover, if the defendant had knowledge of such intention or assertion of title at the time he entered. Such, at least, might have been the view taken of the instructions by the jury. It will be noticed that these instructions, as applied to the case at bar, were clearly erroneous and misleading. They ignore the very important rule that a party seeking to hold a town lot must be "in actual, continued, visible, notorious possession", as laid down by the supreme court of California. They ignore, also, the rule as laid down by the supreme court of Nevada, that actual possession of land consists in subjecting it to the will and dominion of the occupant, and that the possession should be open, notorious and continuous. They also ignore the rule as laid down in New York. It is contended by counsel for the respondents that the language of the court is substantially copied from the case of Goodrich v. Van Landigham, 46

Cal. 601. That language, however, was used in a case of forcible entry and detainer to recover possession of eighty acres of public land, and the court was simply discussing the question of practice. The court says: "The only specification found in the statement on motion for new trial is 'that the evidence is insufficient to justify the verdict; there being no evidence even on the part of the plaintiff showing that the land in controversy was actually inclosed by a good or substantial fence, or that the plaintiff resided upon it at the time of the entry of the defendant.' Neither a good and substantial fence, nor a residence upon the premises, was necessary to a peaceable and actual possession of the land. Fences are a means by which the possession of land may be taken and held, but are not the only means. It is well settled that there may·be actual possession without fences or inclosures of any kind. The specification does not, therefore, present the question whether the plaintiff had shown such possession in himself as would justify a verdict in his favor. But aside from this, upon the question of the plaintiff's possession the testimony was conflicting, and in such case we do not interfere with the judgment of the court below." The doctrine laid down in this opinion seems to be generally recognized as applicable to agricultural lands cultivated or improved, but it has no application to the case at bar. It was calculated to mislead and prejudice the jury against the defendant. For this error in instructing the jury, a new trial must be granted; but, as the other two questions presented will necessarily arise on another trial, we deem it proper to present our views upon them at this time.

On the trial the plaintiffs, after having proved, over the objection of the defendant, a custom of the people of Lead City to record such notices, offered in eveidence a notice recorded in the office of the register of deeds, in which the plaintiffs state that they claim

250x250 feet fronting on Stone street in said city. This notice was objected to for the reason that is was not authorized by law, and no custom could give validity to a notice of this character, and for the further reason that such a notice, not being authorized by law, and not acknowledged so 'as to entitle it to be recorded, was in no sense notice to the defendant which could bind him. In our opinion this objection should have been 'sustained. No law, state or national, has ben called to our attention authorizing the making or recording of such a notice, and no general custom is shown authorizing the same. The residents of Lead City, by a practice among themselves, cannot change the law of the land. Neither the making of such a notice nor its record proved or tended to prove the actual possession of the premises therein described. Such acts, when not authorized by law, are inadmissible in actions of this nature. Paine v. Howells, 90 N. Y. 660; Rivers v. Burbank, 13 Nev. 398; Courtney v. Turner, 12 Nev. 348.

The defendant, in his answer, alleged that he was the owner, holding, under color of title and in good faith, adversely to the plaintiffs, a certain part of the premises described in plaintiffs' complaint (giving a description of the same); that he had made valuable improvements upon said tract of land, consisting of a house and fence, of the value of $1,000—and prayed that the value of the improvements might be determined, and that the plaintiffs be required to pay to said defendant such value. It is contended on the part of the respondents that this answer was insufficient to allow proof as to the value of the lot and improvements, but, in our opinion, the answer is a good pleading, and seems to have been so recognized by the plaintiffs in their reply, in which they admit that the house and fence referred to, aside from the lot, was of the value of $800; and they alleged that the value of the tract of land, aside

from such improvements, was about the sum of $300; and, while admitting that the defendant made the improvements upon the land set out in his answer, they allege that the same were made in bad faith, and with a full knowledge of plaintiffs' right to the same. On the trial the defendant when upon the stand as a witness on his own behalf, was asked the following question: "Do you know what the reasonable value of the lot is that you occupy in that place in Lead City?" to which question the plaintiffs objected as incompetent, irrelevant to this issue, and no foundation laid for the counter-claim, which objection was sustained by the court, and the defendant excepted. The appellant contends that as he had alleged the value of the premises occupied by the defendant to be $200, and the plaintiffs had in their reply alleged that the same were worth $300, it was competent for him, under the pleadings, to show the value of the lot. In this we think the counsel for defendant is correct. The objection was undoubtedly based upon the theory that the defendant could not recover the value of the improvements, for the reason that his claim was not based upon a paper title; and this seems to have been the view of the learned counsel for the respondents, and such, evidently, was the view of the learned circuit court. But in this view the court, in our opinion, was in error. It is contended by the defendant that as the plaintiffs relied solely upon prior actual possession as their ground for recovery, and defendant also relied upon actual possession, claiming that the premises were vacant and unoccupied at the time he entered into possession, and such actual possession by the defendant constitutes prima facie color of title, it is not necessary for a defendant in the actual possession to show a paper title in order to bring himself within the provisions of section 5455, Comp. Laws, which reads as follows: "In an action for the recovery of real property upon which permanent im-

provements have been made by a defendant or those under whom he claims, holding under color of title adversely to the claim of the plaintiff, in good faith, the value of such improvements must be allowed as a counterclaim by such defendant." In a note to Tate's Heirs v. Southard, 14 Am. Dec. 578, the annotator, in discussing the question of the necessity of a writing in order to show color of title, says: "It seems, however, to be the better doctrine that 'color of title' may exist without any instrument purporting to convey title, provided, always, that there is a bona fide claim of title, and some record or some public and notorious act, such as a survey, in which the precise extent of the claim is defined, and with reference to which the claim is made. This is very distinctly laid down in McClellan v. Kellogg, 17 Ill. 501, by Scates, C. J., who says: 'Color may be given for title without a deed, or writing at all, and commence in trespass; and, when founded upon a writing, it is not essential that it should show upon its face a prima facie title, but that it may be good as a foundation for color, however defective.' " In Rannels v. Rannels, 52 Mo. 112, the court says: "It is not necessary that this color of title should be created by deed or other instrument of writing. It may be created by an act in *pais* without writing." And in McCall v. Neely, 3 Watts 69, Judge Gibson said: "To give color of title, therefore, would not seem to require the aid of a written conveyance, or recovery by process and judgment, for the latter would require it to be the better title. I would say that an entry is by color of title when it is made under a boni fide, and not pretended, claim of title existing in another." In Bell v. Longworth, 6 Ind. 273, the supreme court of Indiana says: "But when a party is in possession pursuant to a state of facts which of themselves show the character and extent of his entry and claim, the case is entirely different, and such facts, whatever they may be in

a given case, perform sufficiently the office of color of title. They evidence the character of the entry and the extent of the claim, and no colorable title does more." In Humbert v. Trinity Church, 24 Wend. 587, the court for the correction of errors of the state of New York, in speaking of what constitutes colorable title, says: "The books require color of title, by deed or other documental semblance of right in the defendant, only when the defense is founded on a constructive adverse possession. But neither a deed nor any equivalent muniment is necessary where the possession is indicated by actual occupation, and any other evidence of an adverse claim exists. * * * An oral claim of exclusive title, or any other circumstances by which the absolute owner of the land is distinguished from the naked possessor, are equally admissible, and may be equally satisfactory." See 1 Am. & Eng. Enc. Law (2d Ed.), 861, and cases cited. It is true the cases cited are cases relating to adverse possession, but the same principle applies to color of title as used in section 5455, Comp. Laws, above quoted. One theory of the doctrine of color of title is that one in the actual possession of a part of a tract of land under color of title is deemed to be in possession of the whole tract described in the paper title. Another theory is that the paper title, if taken in good faith, gives to the party an apparent title to the property described in the conveyance to him. But where neither party claims any higher or better title than actual possession, a defendant in such actual possession under a bona fide claim of title, within the meaning of our statute relating to improvements, to the extent of his actual occupancy or actual possession, holds under color of title.

It is strenuosly contended on the part of the counsel for respondents that, while the plaintiffs may recover by virtue of their prior actual possession, the defendant, though he may have entered

upon the premises in good faith and under the honest belief that the same were vacant and unappropriated, and made valuable improvements thereon, cannot recover for such improvements unless he can show a paper title to the premises. We cannot agree with the learned counsel in this contention. If actual prior possession constitutes a title that will enable the plaintiff to recover possession of the property—a proposition not questioned—certainly actual possession under a boni fide claim of title by the defendant is such a color of title as will enable him to recover his improvements. The counsel for respondents call our attention to the language of the supreme court of the United States in Deffeback v. Hawke, 115 U. S. 392, 6 Sup. Ct. 95, 29 L. Ed. 423, in which that court says: "There can be no color of title in an occupant who does not hold under any instrument, proceeding, or law purporting to transfer to him the title or give to him the right of possession. And there can be no such thing as good faith in adverse holding, where the party knows that he has no title, and that under the law, which he is presumed to know, he can acquire none by his occupation." It may be stated that the ground in controversy in that case was a placer mining claim, and that title could only be acquired to it by a location made under the laws of the United States, for mining purposes, and that it was not open for settlement as a town site. In such case, therefore, as said by the court, there could be no such thing as good faith in an adverse holding. He could acquire no title by occupation, and hence there could be no color of title. So far as the record discloses, the defendant, as an occupant of the premises, had presumptively a good right thereto, as the land is not shown to be such as could not be actually held by possession. We are of the opinion that the evidence was competent and relevant and should have been admitted.

The judgment of the court below is reversed, and a new trial granted.